**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MARIUSZ BUCHNA; JULITA
BUCHNA,

                Plaintiffs - Appellants,

  v.

BANK OF AMERICA, NA; BANK OF
NEW YORK MELLON
CORPORATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS INCORPORATED,

                Defendants - Appellees.

No. 10-17651

D.C. No. 2:10-cv-00418-MHM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mary H. MURGUIA, District Judge, Presiding

Argued and Submitted June 15, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

    Mariusz and Julita Buchna appeal the district court's dismissal of their

action against Bank of America, N.A., Mortgage Electronic Registration Systems

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Inc. (MERS), and Bank of New York Mellon Corporation. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Buchnas argue that the note and deed of trust were split, rendering the non-judicial foreclosure provisions in the deed of trust unenforceable. That argument fails to state a claim because it is based on nothing more than conclusory speculation that the parties exercising power under the deed of trust are not the note holder or agents of the note holder. *See* Fed. R. Civ. P. 8; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). The Buchnas do not dispute that they are in default under the deed of trust and have alleged no reason to dispute the trustee's right to foreclose. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 784 (Ariz. 2012) (en banc). The Buchnas' argument that the beneficiary was required to prove ownership of the note before instituting a non-judicial foreclosure proceeding also fails to state a claim. *Id.* at 783–84.

The Buchnas argue that defendants-appellees are not permitted to enforce the power of sale provision in the deed of trust because they are not persons entitled to enforce a negotiable instrument under § 47-3301 of Arizona's Uniform Commercial Code. That argument fails to state a claim because Arizona law does

"not require compliance with the UCC before a trustee commences a non-judicial foreclosure." *Id.* at 783.

The Buchnas' argument based on their contention that MERS is not a valid beneficiary also fails to state a claim. *See Cervantes*, 656 F.3d at 1044.

We reject the remainder of the Buchnas' arguments for the reasons stated by the district court.

The district court did not err in entering judgment against the Buchnas, and therefore implicitly denying leave to amend their complaint, because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

**AFFIRMED**.