# SUPREME COURT OF ARIZONA
## En Banc

| | |
|---|---|
| JOHN F. HOGAN, | ) Arizona Supreme Court |
| | ) No. CV-11-0115-PR |
| Plaintiff/Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-CV-10-0385 |
| WASHINGTON MUTUAL BANK, N.A.; | ) |
| CALIFORNIA RECONVEYANCE COMPANY; | ) Yavapai County |
| JPMORGAN CHASE BANK, N.A.; | ) Superior Court |
| DEUTSCHE BANK NATIONAL TRUST | ) No. CV 820090505 |
| COMPANY, | ) |
| | ) |
| Defendants/Appellees. | ) **CONSOLIDATED WITH** |
| _____ | ) |
| | ) |
| JOHN F. HOGAN, | ) Arizona Supreme Court |
| | ) No. CV-11-0132-PR |
| Plaintiff/Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. CA-CV 10-0383 |
| WASHINGTON MUTUAL BANK, N.A.; | ) |
| CALIFORNIA RECONVEYANCE COMPANY; | ) Yavapai County |
| JPMORGAN CHASE BANK, N.A., | ) Superior Court |
| | ) No. CV 820090504 |
| Defendants/Appellees. | ) |
| | ) **AMENDED OPINION** |
| _____ | ) |

## CV-11-0115-PR

Appeal from the Superior Court in Yavapai County
The Honorable Michael R. Bluff, Judge
**AFFIRMED**

_____

Memorandum Decision of the Court of Appeals, Division One
Filed Mar. 29, 2011
**RESULT AFFIRMED**

_____

Appeal from the Superior Court in Yavapai County
The Honorable Michael R. Bluff, Judge
**AFFIRMED**

_____

Opinion of the Court of Appeals, Division One
227 Ariz. 561, 261 P.3d 445 (App. 2011)
**RESULT AFFIRMED; OPINION VACATED**

_____

**ATTORNEYS FOR CV-11-0115-PR**

LAW OFFICE OF DOUGLAS C. FITZPATRICK                        Sedona
     By   Douglas C. Fitzpatrick
Attorneys for John F. Hogan

MAYNARD, CRONIN, ERICKSON, CURRAN, & REITER, P.L.C.      Phoenix
     By   Douglas C. Erickson
          Jennifer A. Reiter
          Michael D. Curran
Attorneys for Washington Mutual Bank, N.A.,
California Reconveyance Company,
JPMorgan Chase Bank, N.A., and
Deutsche Bank National Trust Company

ARIZONA STATE UNIVERSITY CIVIL JUSTICE CLINIC              Tempe
     By   Mary Ellen Natale
          Jean Braucher
          Beverly Parker
          Frank K. Robertson, Rule 38 Law Student
Attorneys for Amici Curiae
Arizona State University Civil Justice Clinic,
Southern Arizona Legal Aid, Inc., and
Jean Braucher

McCAULEY LAW OFFICES, P.C.                              Cave Creek
     By   Daniel J. McCauley, III

And

CAMPANA, VIEH, & LOEB, P.L.C.                          Scottsdale
     By   Donald O. Loeb

And

BETH K. FINDSEN, P.L.L.C.                                    Scottsdale
     By   Beth K. Findsen
Attorneys for Amicus Curiae
Foreclosure Strategists Group

_____

**ATTORNEYS FOR CV-11-0132-PR**

LAW OFFICE OF DOUGLAS C. FITZPATRICK                         Sedona
     By   Douglas C. Fitzpatrick
Attorneys for John F. Hogan

MAYNARD, CRONIN, ERICKSON, CURRAN, & REITER, P.L.C.         Phoenix
     By   Douglas C. Erickson
          Jennifer A. Reiter
          Michael D. Curran
Attorneys for Washington Mutual Bank, N.A.,
California Reconveyance Company, and
JPMorgan Chase Bank, N.A.

ARIZONA STATE UNIVERSITY CIVIL JUSTICE CLINIC               Tempe
     By   Mary Ellen Natale
          Jean Braucher
          Beverly Parker
          Frank K. Robertson, Rule 38 Law Student
Attorneys for Amici Curiae
Arizona State University Civil Justice Clinic,
Southern Arizona Legal Aid, Inc., and
Jean Braucher

McCAULEY LAW OFFICES, P.C.                                   Cave Creek
     By   Daniel J. McCauley, III

And

CAMPANA, VIEH, & LOEB, P.L.C.                                Scottsdale
     By   Donald O. Loeb

And

BETH K. FINDSEN, P.L.L.C.                                    Scottsdale
     By   Beth K. Findsen
Attorneys for Amicus Curiae
Foreclosure Strategists Group

_____

- 3 -

**B E R C H**, Chief Justice

¶1        We granted review to decide whether a trustee may foreclose on a deed of trust without the beneficiary first having to show ownership of the note that the deed secures.  We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or "show the note" before the trustee may commence a non-judicial foreclosure.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

¶2        These consolidated cases involve two properties in Yavapai County purchased by John F. Hogan in the late 1990s.  Each parcel became subject to a deed of trust in 2004 when Hogan took out loans from Long Beach Mortgage Company ("Long Beach").  By 2008, Hogan was delinquent on both loans, which triggered foreclosure proceedings.  The trustee recorded a notice of sale for the first parcel, naming Washington Mutual Bank ("WaMu") as the beneficiary.[1]  A notice of trustee's sale recorded for the second parcel identified Deutsche Bank as the beneficiary.[2]

_____

[1]    In 1999, Washington Mutual, Inc., the parent of WaMu, purchased Long Beach.  In 2007, WaMu absorbed Long Beach and became its successor in interest.  In 2008, WaMu failed and was seized by the Federal Deposit Insurance Corporation and sold to JPMorgan Chase.

[2]    In 2008, JPMorgan Chase, "successor in interest to Washington Mutual Bank, Successor in Interest to Long Beach Mortgage Company," recorded an Assignment of Deed of Trust that conveyed to Deutsche Bank the note and all beneficial interest

- 4 -

¶3        Hogan filed lawsuits seeking to enjoin the trustees'
sales unless the beneficiaries, WaMu and Deutsche Bank, proved
that they were entitled to collect on the respective notes.  The
superior court granted the defendants' motions to dismiss and
the court of appeals affirmed.  *Hogan v. Wash. Mut. Bank, N.A.*,
227 Ariz. 561, 261 P.3d 445 (App. 2011) ("OP"); *Hogan v. Wash.
Mut. Bank, N.A.*, 1 CA-CV 10-0385, 2011 WL 1158944 (Ariz. App.
Mar. 29, 2011) (mem. decision) ("MD").  In each case, the court
of appeals held that "Arizona's non-judicial foreclosure statute
does not require presentation of the original note before
commencing foreclosure proceedings."   OP at ¶ 13 (quoting
*Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d
1184, 1187 (D. Ariz. 2009), *aff'd mem.*, 384 Fed. Appx. 609 (9th
Cir. 2010)); MD at ¶ 19.

¶4        Hogan petitioned for review.  We consolidated the cases
and granted review because the cases present a recurring issue
of  first  impression  and  statewide  importance.    We  have
jurisdiction  under  Article  6,  Section  5(3)  of  the  Arizona
Constitution and A.R.S. § 12-120.24 (2003).

## II.  DISCUSSION

¶5        In  Arizona,  non-judicial  foreclosure  sales,  or
trustees' sales, are governed by statute.  A.R.S. §§ 33-801 to
-821 (2007 & Supp. 2011); *see In re Vasquez*, 228 Ariz. 357, 359

---

under the deed of trust.

- 5 -

¶ 4, 266 P.3d 1053, 1055 (2011).  When parties execute a deed of trust and the debtor thereafter defaults, A.R.S. § 33-807 empowers the trustee to sell the real property securing the underlying note through a non-judicial sale.  Hogan contends that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note.  Nothing in our statutes, however, requires this showing.  Section 33-809(C) requires only that, after recording notice of the trustee's sale under § 33-808, the trustee must send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance.  *See also Transamerica Fin. Servs., Inc. v. Lafferty*, 175 Ariz. 310, 313-14, 856 P.2d 1188, 1191-92 (App. 1993) (recognizing that a trustee's obligation is only to mail notice to address provided).  Hogan has not alleged that such notice was not given.[3]

¶6      Hogan argues that a deed of trust, like a mortgage, "may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures." Restatement (Third) of Prop.:  Mortgages § 5.4(c) (1997); *see Hill v. Favour*, 52 Ariz. 561, 568-69, 84 P.2d 575, 578 (1938).

---

[3]     Hogan  asserts  that  the  notice  was  not  "served  upon plaintiff."  First Am. Compl. ¶ 12.  But § 33-809(C) requires only that notice be sent by certified or registered mail.  Hogan does not allege that he lacked actual knowledge of the sale or did not receive the mailed notice.

We agree.  But Hogan has not alleged that WaMu and Deutsche Bank are not entitled to enforce the underlying note; rather, he alleges that they have the burden of demonstrating their rights before a non-judicial foreclosure may proceed.  Nothing in the non-judicial foreclosure statutes, however, imposes such an obligation.  *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (citing A.R.S. § 33-807 and observing that "Arizona's [non-]judicial foreclosure statutes . . . do not require presentation of the original note before commencing foreclosure proceedings"); *In re Weisband*, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010) (stating that non-judicial foreclosures may be conducted under Arizona's deed of trust statutes without presentation of the original note).

¶7      Hogan's complaints do not affirmatively allege that WaMu and Deutsche Bank are not the holders of the notes in question or that they otherwise lack authority to enforce the notes.  Although a plaintiff need only set forth a "short and plain statement of the claim showing that [he] is entitled to relief," Ariz. R. Civ. P. 8(a)(2), the truth of which we assume when analyzing a complaint for failure to state a claim under Rule 12(b)(6), *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008), we will affirm a dismissal when "the plaintiff should be denied relief as a matter of law

given the facts alleged," *Logan v. Forever Living Products Int'l, Inc.*, 203 Ariz. 191, 193 ¶ 7, 52 P.3d 760, 762 (2002).

¶8     Here, assuming the truth of Hogan's factual allegations, Hogan is not entitled to relief because the deed of trust statutes impose no obligation on the beneficiary to "show the note" before the trustee conducts a non-judicial foreclosure.  The only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority.  *See* A.R.S. § 33-808(C)(5) (requiring the notice to set forth "the basis for the trustee's qualification pursuant to § 33-803, subsection A"); *see also* A.R.S. § 33-807(A) (granting the trustee the "power of sale").  Hogan's complaints do not contest that each sale was noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee.

¶9     Hogan further contends that the trustee, as a party seeking to collect on a note, must demonstrate its authority to do so under § 47-3301 of Arizona's Uniform Commercial Code ("UCC").  But the trustees here did not seek to collect on the underlying notes; instead, they noticed these sales pursuant to the trust deeds.  The UCC does not govern liens on real property.  *See Rodney v. Ariz. Bank*, 172 Ariz. 221, 224-25, 836 P.2d 434, 437-38 (App. 1992).  The trust deed statutes do not require compliance with the UCC before a trustee commences a

non-judicial foreclosure. *See In re Krohn*, 203 Ariz. 205, 208 ¶ 8, 52 P.3d 774, 777 (2002) ("[D]eed of trust sales are conducted on a contract theory under the power of sale authority of the trustee.").

¶10 Hogan also claims that "the note and the trust deed go together" and "must be construed together." *See* A.R.S. § 33-817 (providing that a transfer of the underlying contract operates to transfer the security for the contract). Although this is generally true, the note and the deed of trust are nonetheless distinct instruments that serve different purposes. The note is a contract that evidences the loan and the obligor's duty to repay. *See* A.R.S. § 33-801(4). The trust deed transfers an interest in real property, securing the repayment of the money owed under the note. *See* A.R.S. §§ 33-801(4), -801(8), -801(9), -805, -807(A). The dispositive question here is whether the trustee, acting pursuant to its own power of sale or on behalf of the beneficiary, had the statutory right to foreclose on the deeds of trust. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043-44 (9th Cir. 2011). Hogan does not dispute that he is in default under the deeds of trust and has alleged no reason to dispute the trustee's right.

¶11 Hogan suggests that if we do not require the beneficiary to "show the note," the original noteholder may attempt to later pursue collection despite a foreclosure. But

Arizona's anti-deficiency statutes protect against such occurrences by precluding deficiency judgments against debtors whose foreclosed residential property consists of 2.5 acres or less, as is the case here. *See* A.R.S. § 33-814(G); *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 126, 804 P.2d 1310, 1314 (1991); Emily Gildar, *Arizona's Anti-Deficiency Statutes: Ensuring Consumer Protection in a Foreclosure Crisis*, 42 Ariz. St. L.J. 1019, 1020 (2010). Moreover, the trustee owes the trustor a duty to comply with the obligations created by the statutes governing trustee sales and the trust deed. *See Patton v. First Fed. Sav. & Loan Ass'n of Phx.*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); A.R.S. § 33-801(10) (providing that "[t]he trustee's obligations . . . are as specified in this chapter [and] in the trust deed").

¶12      Non-judicial foreclosure sales are meant to operate quickly and efficiently, "outside of the judicial process." *Vasquez*, 228 Ariz. at 359 ¶ 4 n.1, 266 P.3d at 1055 n.1 (citing Gary E. Lawyer, Note, *The Deed of Trust: Arizona's Alternative to the Real Property Mortgage*, 15 Ariz. L. Rev. 194, 194 (1973)). The legislature balanced the concerns of trustors, trustees, and beneficiaries in arriving at the current statutory process. Requiring the beneficiary to prove ownership of a note to defaulting trustors before instituting non-judicial

foreclosure proceedings might again make the "mortgage foreclosure process . . . time-consuming and expensive," *id.* (internal quotation marks omitted), and re-inject litigation, with its attendant cost and delay, into the process, *see Transamerica Fin. Servs.*, 175 Ariz. at 313-14, 856 P.2d at 1191-92 (citing *I.E. Assocs. v. Safeco Title Ins. Co.*, 702 P.2d 596 (Cal. 1985)).

### III. CONCLUSION

¶13      For the reasons set forth above, the superior court's orders dismissing Hogan's complaints are affirmed and, although we agree with the result reached by the court of appeals, its opinion is vacated.


_____
                                                    Rebecca White Berch, Chief Justice


CONCURRING:


_____
W. Scott Bales, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice


_____
*
                              - 11 -

\*   Before his resignation on June 27, 2012, as a result of his appointment to the United States Court of Appeals for the Ninth Circuit, Justice Andrew D. Hurwitz participated in this case, including oral argument, and concurred in this opinion's reasoning and result.