**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUANE VARBEL,

        Plaintiff - Appellant,

  v.

COUNTRYWIDE HOME LOANS
INCORPORATED; et al.,

        Defendants - Appellees.

No. 11-17628

D.C. No. 2:11-cv-00897-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

    Duane Varbel appeals pro se from the district court's judgment dismissing

his diversity action arising from foreclosure proceedings. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Varbel's breach of contract claim because Varbel did not allege facts showing the existence of a contract between him and any of the defendants. *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (an essential element of breach of contract claim is existence of a contract).

The district court properly dismissed Varbel's quiet title claim because Varbel did not allege facts showing that the loan has been repaid. *See Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (where "it appears there is an unsatisfied balance due to a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien").

The district court properly dismissed Varbel's claim under section § 33-420 of Arizona Revised Statutes because Varbel failed to allege facts showing that defendants had knowingly recorded a false claim on his property. *See* Ariz. Rev. Stat. § 33-420.

The district court properly dismissed Varbel's remaining claims related to the alleged wrongful foreclosure of his property because Varbel does not dispute that he is in default and he failed to allege facts to dispute the trustee's statutory right to foreclose. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 784 (Ariz.

2012) (en banc) (note and deed of trust are "distinct instruments that serve different purposes"; dispositive question is whether trustee had statutory right to foreclose on deed of trust).  In addition, Arizona's deed of trust statutes impose no obligation on the beneficiary to "show the note[,]" and the trustee need not comply with Arizona's Uniform Commercial Code before commencing a non-judicial foreclosure.  *Id.* at 783-84.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

3