
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARCUS SILVING and DEBORAH BADER, husband and wife, | No. 12-15207 |
| Plaintiffs - Appellants, | D.C. No. 2:11-CV-00676-DGC |
| v. | MEMORANDUM[*] |
| AMERICA'S SERVICING COMPANY, a division of WELLS FARGO HOME MORTGAGE, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

Before: GOULD and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

Appellants Marcus Silving and Deborah Bader appeal the district court's dismissal of their claims against America's Servicing Company ("ASC"), US Bank National Association as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-2, First American Title Insurance Company ("FATICO"), and Mortgage Electronic Registration Systems, Inc. ("MERS") arising out of the trustee's sale of their home. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Kahle v. Gonzalez, 487 F.3d 697, 699 (9th Cir. 2007). We affirm.

Appellants argue that the district court erred in dismissing their claims. Appellants asserted a litany of claims against Defendants including: breach of contract, quiet title, breach of the covenant of good faith and fair dealing, negligent performance under the Good Samaritan doctrine, fraudulent concealment, fraud and consumer fraud, and negligence per se. The district court properly dismissed Appellants' claims. Arizona law does not support Appellant's "show me the note" argument. Hogan v. Wash. Mut. Bank, N.A., 277 P.3d 781, 784 (Ariz. 2012) (en banc); see also Zadrozny v. Bank of N.Y. Mellon, 720 F.3d 1163, 1170 (9th Cir. 2013) (following Hogan's interpretation of Arizona law). Non-judicial foreclosure sales are governed by statute in Arizona. See A.R.S. §§ 33-801 to -821. The non-judicial foreclosure statutes impose no obligation on the beneficiary of a trustee's

sale to "show the note" before conducting a non-judicial foreclosure. <u>Hogan</u>, 277 P.3d at 783. Accordingly, Appellants' claims for breach of contract, breach of the covenant of good faith and fair dealing, fraudulent concealment, and fraud that are based on a "show the note" theory were properly dismissed by the district court.

Appellants' claims for quiet title, breach of the covenant of good faith and fair dealing, fraudulent concealment, fraud, consumer fraud, and negligence per se that are based on arguments that various documents and assignments are "void" are meritless. Appellants' remaining contentions regarding securitization, negligent performance, "false and unauthorized signatures" on documents, and failure to satisfy conditions precedent are unpersuasive. Accordingly, the district court's judgment is affirmed.

**AFFIRMED.**