**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE M. WALKER; DIANE W. WALKER, Plaintiffs - Appellants, v. WASHINGTON MUTUAL BANK, F.A.; et al., Defendants - Appellees. | No. 12-15264 D.C. No. 2:11-cv-00584-SRB MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

George M. Walker and Diane W. Walker appeal pro se from the district

court's judgment dismissing their action arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Zadrozny v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013), and we affirm.

The district court properly dismissed the wrongful foreclosure claims because plaintiffs do not dispute that they defaulted on their loan and they failed to allege facts to dispute the trustee's statutory right to foreclose. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 784 (Ariz. 2012) (en banc) (dispositive question is whether trustee had statutory right to foreclose on deed of trust); *see also Zadrozny*, 720 F.3d at 1171 ("Arizona law recognizes a successor trustee's authority to initiate and conduct a foreclosure sale after the borrowers' default, without any requirement that the beneficiary demonstrate possession of the note underlying the deed of trust."). In addition, the trustee on the deed of trust was not required to record changes to the beneficiary under the deed of trust. *See* Ariz. Rev. Stat. § 33-404(G).

The district court properly dismissed the claim based on insufficient notice because plaintiffs did not allege that defendants had not mailed the required notices. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); Ariz. Rev. Stat. § 33-809(C).

The district court properly dismissed the quiet title claim because plaintiffs did not allege facts showing that the loan has been repaid. *See Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (where "it appears there is an unsatisfied balance due to

a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien").

Because plaintiffs failed to allege that they filed a timely administrative claim under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), the district court lacked subject matter jurisdiction over plaintiffs' loan origination claims and properly dismissed the claims. *See* 12 U.S.C. § 1821(d); *Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1282-86 (9th Cir. 1994) (no jurisdiction exists if a claimant does not properly exhaust the FIRREA's administrative process).

Plaintiffs' contentions regarding unconscionability, lack of admissible evidence, denial of a jury trial, and fraud pleading requirements are unpersuasive and are not supported by the record.

We do not consider whether the district court's denial of plaintiffs' request for a preliminary injunction was proper because that issue has "merged" with plaintiffs' substantive appeal regarding their claims. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361-62 (9th Cir. 1982).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Plaintiffs' opposed motion for leave to file an evidentiary addendum, filed on October 5, 2012, is denied.

**AFFIRMED.**