**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIE M.  VAWTER,

                    Plaintiff - Appellant,

    v.

RECONTRUST COMPANY NA; et al.,

                    Defendants - Appellees.

No.  12-16346

D.C. No.  2:11-cv-01916-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G.  Murray Snow, District Judge, Presiding

Argued and Submitted March 13, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

    Plaintiff Julie Vawter appeals from the district court's dismissal of her

complaint pursuant to Rule 12(b)(6) and denial of her motions for leave to amend,

preliminary injunctive relief, and reconsideration.  We have jurisdiction under 28

U.S.C. § 1291, and we review the dismissal of Vawter's complaint *de novo* and the

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir.  R.  36-3.

denial of her motions for abuse of discretion. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (motion to dismiss); *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1191 (9th Cir. 2013) (leave to amend); *Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1301-02 (9th Cir. 2013) (preliminary injunction); *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013) (reconsideration). We affirm.

Vawter contends that the beneficial rights in the deed of trust to her property were not validly assigned from Mortgage Electronic Registration Systems, Inc., to The Bank of New York Mellon Corp., and that ReconTrust Co., N.A., was not validly substituted as trustee in place of Fidelity National Title Insurance Co. However, this argument is refuted by the documents attached to the motion to dismiss. The Deed of Trust provided that the beneficiary would be MERS and its "successors and assigns." In the Corporation Assignment of Deed of Trust, MERS assigned its beneficial rights to BNYM. In the Substitution of Trustee, BNYM appointed ReconTrust as successor trustee. *See* ARIZ. REV. STAT. ANN. § 33-804(B). Each of these documents was properly considered by the district court as a public record, *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), and as a document necessarily relied on by the complaint, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Pursuant to these

2

documents and Arizona law, ReconTrust had the authority to sell the property upon default. *See* ARIZ. REV. STAT. ANN. § 33-807(A); *see also Zadrozny*, 720 F.3d at 1168.

Vawter argues that the deed was unenforceable since it was "split" from the underlying note. However, to the extent BNYM enforced the deed, it did so as the nominee of the lender or its assigns, which would have been entitled to enforce the note. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012). Further, Vawter's citations of the U.C.C. and cases applying the U.C.C. are inapposite, as the U.C.C. does not govern the Deed of Trust. *See id.*

Vawter also challenges the district court's dismissal of her fraud claim. However, her arguments here largely reprise her objections to the substitutions of BNYM and ReconTrust. Moreover, although she alleges that the notary who recognized the pertinent documents committed fraud, she does not show that such fraud is attributable to BNYM or ReconTrust, nor does she allege that she detrimentally relied on a misrepresentation. *See Fransen v. Bierman*, No. 1 CA-CV 11-0602, 2012 WL 4372498, at *2 (Ariz. Ct. App. Sept. 25, 2012); *see also* Fed. R. Civ. P. 9(b).

Vawter's claim of insufficient notice of the proposed trustee's sale of her property is moot. At oral argument, counsel for ReconTrust and BNYM informed

3

the Court, and Vawter acknowledged, that the sale has been cancelled. Finally, the district court properly did not grant default judgment: even assuming Vawter sought an entry of default from the court clerk, the notice of removal and motion to dismiss were timely filed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 81(c).

**AFFIRMED.**