FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 18 2014

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ELENA MARGARITIS, | No. 12-15375 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00221-NVW |
| v. | |
| U.S. BANK, N.A., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Elena Margaritis appeals pro se from the district court's judgment dismissing her diversity action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

----

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(order), and for an abuse of discretion the denial of leave to amend a complaint, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys ., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Margaritis's claim for "false and fraudulent recordations" because Margaritis did not allege facts showing that defendant had knowingly recorded a false claim on her property. *See Cervantes*, 656 F.3d at 1038-44 (explaining the recording system and rejecting challenges to its validity).

The district court properly dismissed Margaritis's claim for violations of Arizona's Uniform Commercial Code ("UCC") because Arizona law does "not require compliance with the UCC before a trustee commences a non-judicial foreclosure." *Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012) (en banc).

Margaritis's remaining claims regarding irregularities in the trustee's sale, unjust enrichment, and declaratory relief were properly dismissed because Margaritis failed to obtain injunctive relief prior to the trustee's sale of the property. *See* Ariz. Rev. Stat. § 33-811(C) (trustor's defenses and objections to a trustee's sale are waived if they are not raised in an action resulting in injunctive

relief before the sale); *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 275 P.3d 598, 600 (Ariz. 2012) (en banc) (explaining that once a trustee's sale is completed, "a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections"). Moreover, Margaritis's "show the note" argument is unpersuasive. *See Hogan*, 277 P.3d at 782 ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

The district court did not abuse its discretion by denying leave to file an amended complaint. *See Cervantes*, 656 F.3d at 1041 ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**AFFIRMED.**