**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERIC J. SKINNER,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, trustee of WaMu Mortgage Pass-Through Certificates Series 2005-AR8 Trust; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS),<br><br>            Defendants - Appellees. | No. 12-15301<br><br>D.C. No. 2:11-cv-00710-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    TALLMAN, NGUYEN, and OWENS, Circuit Judges.

      Eric J. Skinner appeals pro se from the district court's judgment dismissing his

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action arising from foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Skinner's claim for "erroneous representation as to standing to foreclose" was proper because his allegations did not "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1171 (9th Cir. 2013) ("Arizona law recognizes a successor trustee's authority to initiate and conduct a foreclosure sale after the borrowers' default, without any requirement that the beneficiary demonstrate possession of the note underlying the deed of trust."); *Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012) (en banc) ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

The district court did not abuse its discretion by denying Skinner's request for oral argument.  *See Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (setting forth standard of review).

Skinner's motion to file an oversized reply brief, submitted on September 27, 2012, is granted, and the Clerk is directed to file the reply brief

submitted on September 27, 2012.

Defendants' motion to strike Skinner's supplemental excerpts of record, submitted on October 10, 2012, is granted.

Skinner's request to amend his reply brief and attach an exhibit, submitted on October 19, 2012, is denied.

**AFFIRMED.**