**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD JOHN PRZYBYLSKI, Jr., | No. 13-15462 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-08248-NVW |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Bernard John Przybylski, Jr., appeals pro se from the district court's

judgment in his action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Przybylski's action because Przybylski failed to allege facts sufficient to state a cognizable claim for relief. *See Hogan v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012) (en banc) ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."); *Farrell v. West*, 114 P.2d 910, 911 (Ariz. 1941) (where "it appears there is an unsatisfied balance due to a defendant-mortgagee, . . . , the court will not quiet the title until and unless [the plaintiff] pays off such mortgage lien"); *Strawberry Water Co. v. Paulsen*, 207 P.3d 654, 659 (Ariz. Ct. App. 2008) (real property interests cannot be converted).

Contrary to Przybylski's contentions, the district court properly concluded that abstention was not warranted. *See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013) (setting forth elements of *Younger* abstention doctrine and concluding that it did not apply to state unlawful detainer actions); *Sexton v. NDEX W., LLC*, 713 F.3d 533, 536-38 (9th Cir. 2013) (discussing elements of prior exclusive jurisdiction doctrine and *Colorado River* abstention doctrine and concluding that neither doctrine applied in the absence of pending state court

proceedings involving the same property); *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 671 (9th Cir. 2004) (explaining that *Burford* abstention "is concerned with protecting complex state administrative processes from undue federal interference" and identifying three factors that must be met before it is applied (citation and internal quotation marks omitted)). Moreover, we reject as without merit Przybylski's contention that the district court should have remanded his action on the basis of abstention.

We do not consider Przybylski's request for leave to amend because it was raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) ("[W]e generally will not remand with instructions to grant leave to amend unless the plaintiff sought leave to amend below.").

Przybylski's motion for judicial notice, filed on June 20, 2013, is denied.

Fannie Mae's motion for judicial notice, filed on July 22, 2013, is granted.

**AFFIRMED**.

13-15462