FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WILL BONHAM,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>BANK OF AMERICA, N.A., a corporation; UNKNOWN PARTIES, Does 1-10,<br><br>　　　　　Defendants - Appellees. | No. 14-15045<br><br>D.C. No. 2:13-cv-02220-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 14, 2016[**]

Before:　　BEA, WATFORD, and FRIEDLAND, Circuit Judges.

　　James Will Bonham appeals pro se from the district court's judgment

dismissing his diversity action asserting a quiet title claim. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Bonham's action because Bonham's contentions that the alleged securitization of his note rendered the deed of trust or note unenforceable fail as a matter of law. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) ("Even if we were to accept the plaintiffs' premise[] that . . . the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose."). Further, defendant was not required to show Bonham the note or otherwise prove its authority to foreclose. *See Hogan v. Wash. Mutual Bank, N.A.*, 277 P.3d 781, 781 (Ariz. 2012) ("We hold that Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure.").

Dismissal of Bonham's action without a hearing did not violate Bonham's rights to due process or a jury trial. *See Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015) (due process does not require a court to hold a hearing on a party's motion to dismiss); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 771 n.8 (9th Cir. 1981) (describing Federal Rule of Civil Procedure 12(b)(6) as one device "for a judge to remove a case from a jury").

We reject as without merit Bonham's contention that the district court lacked subject matter jurisdiction.

Bonham's pending requests, set forth in the opening brief, are denied.

**AFFIRMED.**