NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARC SPECTOR and SYRI K. HALL,
*Plaintiffs/Appellants*,

v.

WELLS FARGO BANK NA,
*Defendant/Appellee*.

No. 1 CA-CV 20-0350
FILED 2-25-2021

Appeal from the Superior Court in Yavapai County
No. V1300CV201780148
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Marc Spector and Syri K. Hall, Sedona
*Plaintiffs/Appellants*

Wright Finlay & Zak, LLP, Phoenix, AZ and Las Vegas, NV
By Kimberly S. Earp, Robert Riether
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1            Marc Spector and Syri K. Hall appeal the superior court's entry of summary judgment for Wells Fargo Bank and Ocwen Loan Servicing.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            In 2007, Spector purchased a home in Sedona, which he financed with a loan from Option One secured by a deed of trust on the property.[1]  Option One assigned the deed of trust to Wells Fargo in 2013.  Spector defaulted on the loan.  Wells Fargo foreclosed and sold the home at a 2017 trustee's sale.  A month later, Spector and Hall sued Wells Fargo and other defendants to set aside the trustee's sale.  The superior court granted summary judgment to Wells Fargo.  Spector and Hall appeal.  Although their appeal was premature, we have jurisdiction.  *See* A.R.S. § 12-2101(A)(1), (5)(b); *Barassi v. Matison*, 130 Ariz. 418, 421-22 (1981) (permitting jurisdiction over "premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment was entered").

### DISCUSSION

¶3            Spector and Hall raise four arguments on appeal, two of which are waived.

### I.      Authority to Foreclose

¶4            Spector and Hall first argue the trustee's sale conducted by Wells Fargo was invalid because Option One was out of business when it assigned the deed of trust to Wells Fargo in 2013.  We disagree.

---

[1]       Spector and Hall have been married since 1976, but Hall has never assumed the loan.

¶5 Arizona law empowers the "trustee of a trust deed" to sell the real property securing an underlying note through a nonjudicial sale. A.R.S. § 33-807(A). A "trustee" is defined as "an individual, association or corporation . . . or the successor in interest thereto, to whom trust property is conveyed by trust deed." A.R.S. § 33-801(10). Our supreme court has explained that "[t]he only proof of authority" a trustee needs is a "statement indicating the basis for the trustee's authority." *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 586, ¶ 8 (2012) (citing A.R.S. § 33-808(C)(5)). With its notice of sale, Wells Fargo satisfied this requirement.[2] The superior court correctly found no genuine issue of material fact on whether Wells Fargo was authorized to enforce the promissory note and conduct a trustee's sale. Ariz. R. Civ. P. 56(a).

## II. Notice of the Trustee Sale

¶6 Spector and Hall also argue they "never received actual notice" of the original trustee's sale scheduled for February 2015. The uncontested record, however, indicates a Notice of Trustee's Sale for the original date was executed, recorded and sent to Spector's address in October 2014. *See* A.R.S. §§ 33-808, -809. Spector had identified his mailing address several months earlier on a loan modification agreement and never advised that his address had changed. *See Transamerica Fin. Servs., Inc. v. Lafferty*, 175 Ariz. 310, 313-14 (App. 1993) ("Clearly, the legislature put the burden on persons having an interest in the property to properly advise those parties required to give notice of their current address." (internal quotation marks omitted)).

¶7 Spector and Hall likewise contend that Wells Fargo provided inadequate notice of the 2017 trustee's sale. Spector and Hall declared bankruptcy only weeks before the 2015 trustee's sale, which continued the trustee's sale until 2017. But Arizona law only requires a trustee to provide "notice of the new date, time and place by public declaration at the time and place last appointed for the sale." A.R.S. § 33-810(B). "No other notice of the postponed, continued or relocated sale is required." *Id.*; s*ee also Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 289 (App. 2000) ("[I]t became the Kellys' burden to stay apprised of the new sale dates. Neither our statutes nor the Bankruptcy Code require any further notice when a bankruptcy

---

[2] Moreover, Spector signed the promissory note, which acknowledged that "Lender may transfer this [N]ote" and the note holder is "anyone who takes this Note by transfer and who is entitled to receive payments under this Note."

filing, with its automatic stay, is the reason a trustee's sale is postponed."). Wells Fargo presented uncontroverted evidence that it complied with this requirement.[3]

### III.    Waived Issues

**¶8**        Spector and Hall raise two arguments on appeal for the first time, but the arguments were not developed before the superior court and are thus waived. *Phelps Dodge Corp. v. Ariz. Elec. Power Coop., Inc.*, 207 Ariz. 95, 122, ¶ 117 (App. 2004). Even if preserved, however, the arguments fail under A.R.S. § 33-811(C), which prohibits a reopening of the trustee's sale, and because Spector and Hall never filed an affidavit under Ariz. R. Civ. P. 56(d) (formerly Rule 56(f)), which describes how parties may seek other evidence before a motion for summary judgment is decided.

### CONCLUSION

**¶9**        We affirm the superior court's entry of summary judgment for Wells Fargo.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[3]        The cases cited by Spector and Hall are inapposite or unhelpful to their position. *See BT Capital, LLC v. TD Serv. Co.*, 229 Ariz. 299, 301 ¶¶ 10-11 (2012) (a proper notice of sale requires only a mailing of the notice to interested parties); *Zubia v. Shapiro*, 243 Ariz. 412, 415-16, ¶ 23 (2018) (exception to A.R.S. § 33-811(C) exists for monetary claims); *Steinberger v. McVey*, 234 Ariz. 125, 136, ¶ 42 (App. 2014) (any challenge to the chain of authority must come before the sale).