NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK A. MALL, *Plaintiff/Appellant*,

*v.*

LEONARD J. MCDONALD, et al., *Defendant/Appellees*.

No. 1 CA-CV 23-0193
FILED 01-18-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-014883
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Mark Anthony Mall, Phoenix
*Plaintiff/Appellant*

Tiffany & Bosco, P.A., Phoenix
By Leonard J. McDonald, Michael F. Bosco
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1        Plaintiff Mark Mall appeals the superior court's denial of his motion for injunctive relief seeking to stop a trustee's sale of his encumbered real property. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2007, Mall obtained a loan from Wells Fargo Bank, N.A., secured by a Deed of Trust on real property he owned. It listed Wells Fargo Bank as the trustee. A month later, Mall transferred the property via a Warranty Deed into the Mall Living Trust with himself as trustee. Wells Fargo consented to this transaction. Beginning in January 2021, Mall failed to make monthly payments on the loan. In October of the following year, Mark Bosco, who held a limited power of attorney for Wells Fargo, substituted Leonard McDonald as trustee under the Deed of Trust. McDonald then recorded a Notice of Trustee's Sale to take place in January 2022.

¶3        In response, Mall sought an injunction to prevent the trustee's sale. As legal proceedings continued and the date of the sale approached, Mall moved for an Emergency Temporary Restraining Order ("TRO"). The court granted the order, cancelled the sale, and ordered a hearing on the matter the following week. Following the hearing, the court vacated its order, finding that Mall had not established the elements for a TRO. About two weeks later, the court held an evidentiary hearing on Mall's initial motion. Following Mall's presentation of evidence and argument, the court denied injunctive relief and dismissed the case, finding that Mall "fail[ed] to show any unlawful conduct to support his claim." Mall filed a motion for reconsideration, which the court denied.

¶4        This Court has jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5** Denial of a preliminary injunction is reviewed for an abuse of discretion. *Fann v. State*, 251 Ariz. 425, 432, ¶ 15 (2021). Relevant facts are viewed "in the light most favorable to upholding the trial court's ruling." *Mahar v. Acuna*, 230 Ariz. 530, 532, ¶ 2 (App. 2012). "Unless the trial judge either made a mistake of law…or clearly erred in finding the facts or applying them to the legal criteria…we must affirm." *Shoen v. Shoen*, 167 Ariz. 58, 62 (App. 1990).

**¶6** A party requesting an injunction must demonstrate four criteria: (1) "a strong likelihood of success on the merits," (2) "irreparable harm if the stay is not granted," (3) "the harm to the requesting party outweighs the harm to the [opposing party]," and (4) "public policy favors [] granting the stay." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 410, ¶ 10 (2006).

**I.    This Court takes judicial notice of documents as requested by Mall.**

**¶7** As a preliminary matter, Mall requested this Court take judicial notice of four documents: (1) Affidavit and Assertory Oath of Acceptance of Trusteeship of the Mall Familia GodTrust; (2) Deed of Full Reconveyance; (3) Affidavit of Truth, Repudiation and Revocation of Citizenship; and (4) Master Form Deed of Trust. A Court may take judicial notice of a fact if "the court is supplied with the necessary information" and the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Ariz. R. Evid. 201(a), (b)(2), (c)(2). The documents in question bear the stamp of the Maricopa County Recorder identifying them as official public documents for which this Court may take judicial notice. *See Ariz. Pub. Integrity Alliance v. Fontes*, 250 Ariz. 58, 65, ¶ 28 n.2 (2020); *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 325, ¶ 33 (App. 2012). Mall's request for judicial notice of the existence and recording of these documents is granted.

**II.    Mall has not shown a likelihood of success on the merits.**

**¶8** To show a likelihood of success on the merits, Mall needed to show that McDonald, as trustee, did not hold an interest in the property. Mall has not done so.

A.    <u>Trustee's Sales are Governed by Statute.</u>

¶9 Mall argues there is no proof of an underlying debt secured by the Deed of Trust, implying that the Deed of Trust and other documents are "flawed," "defective," or "fraudulent." He argues that, because the "promissory note, revolving line of credit agreement, contract, guaranty or other evidence of debt" referenced in the Deed of Trust was not offered into evidence, there is no proof that he owes the debt. Such a showing is not required. *See Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 585, ¶¶ 1, **8** (2012) (holding "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure"). "[T]rustees' sales[] are governed by statute" and no statute mandates showing the underlying debt before holding a trustee's sale. *Id.* at 585-86, ¶ 5. A.R.S. § 33-808(C)(4), which directs the information required in a notice of a trustee's sale, does require that the original amount owed under the Deed of Trust, be included in the notice. McDonald's notice complied with the statute.

B. <u>The Deed of Trust Remained Effective After Mall Executed the Warranty Deed.</u>

¶10 Mall claims that the Warranty Deed superseded and revoked the Deed of Trust. A Deed of Trust "convey[s] trust property to a trustee. . . to secure the performance of a contract." A.R.S. § 33-801(8). The statute specifically contemplates a subsequent transfer of the secured property. A.R.S. § 33-801(11) (defining the "trustor" as "the person conveying trust property . . . or the successor in interest of such person"); *see also Successor in Interest*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Someone who follows another in ownership or control of property."). The Warranty Deed expressly stated that Mall, as grantor, "warrants the title against all persons whomsoever." Mall's transfer of the property into his living trust did not revoke the Deed of Trust; the deed remained effective and still encumbered the property. This remains true even with an additional reconveyance from the Mall Living Trust back to Mall.

C. <u>The Interest in the Land Conveyed by the Deed of Trust Remains Valid.</u>

¶11 Mall argues the trustee's sale is improper because he has superior allodial title to the property based on his chain of title going back to a federal land patent. A land patent is "[a]n instrument by which the government conveys a grant of public land to a private person." *Land Patent*, BLACK'S LAW DICTIONARY (11th ed. 2019). It "is the highest evidence of title" and "conclusive as against the Government, and all claiming under junior patents or title." *U.S. v. Stone*, 69 U.S. 525, 535 (1864); *Raestle v.*

*Whitson*, 119 Ariz. 524, 526 (1978). Once "issued, full legal title passe[s] to the patentee" who "[can] do with the land that which he [sees] fit,—sell or give it away." *Hartman v. Butterfield Lumber Co.*, 199 U.S. 335, 337 (1905). But "if [the patentee] voluntarily conveyed [the land], he could not thereafter repudiate the conveyance." *Id.* Just as all the previous owners of the land were free to convey title to the land or encumber it, so too was Mall. Though the land was initially conveyed by a land patent, that is irrelevant to this case. When Mall signed the Deed of Trust, he conveyed an interest in the property, and he cannot now annul that transfer.

**¶12**        Mall's claim to allodial title of the land is similarly unavailing. Allodial title is "ownership without a duty of service to, control by, or acknowledgment of any superior landlord." *Allodial Title*, BLACK'S LAW DICTIONARY (11th ed. 2019). The term merely signifies a break from the "loyalty, obligation, and service" a vassal owed his lord under feudal land ownership. Nadav Shaked, *The Duty to Maintain*, 64 DUKE L.J. 437, 456-57 (2014). Allodial title grants Mall the same freedom to convey an interest in his property as the land patent does, and it offers no protection to avoid the consequences of such a conveyance.

**¶13**        Because the Deed of Trust was a valid transfer of interest in the property, McDonald, as trustee under the Deed of Trust, had authority to sell the property when Mall defaulted on the underlying debt contract. A.R.S. § 33-807(A)(conferring the power to sell property after a breach or default on the trustee of a deed of trust).

### III.    Mall has not established that there are serious questions regarding the merits.

**¶14**        When reviewing for the presence of serious questions the inquiry is "whether there are serious questions *going to the merits*" and "depends more on the strength of the legal claim than on the gravity of the issue." *Ariz. Assoc. of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 12, ¶ 13 (App. 2009) (quoting *Luckette v. Lewis*, 883 F.Supp. 471, 474 (D. Ariz. 1995)).

**¶15**        As discussed above, the legal claims Mall raises concerning title and McDonald's authority to execute the trustee's sale do not support his arguments. Arizona's statutory scheme grants a trustee under a Deed of Trust the authority to sell conveyed property upon default of the underlying debt. A.R.S. § 33-807(A). Mall raises no serious question going to the merits of his case.

## CONCLUSION

**¶16** Because Mall did not make the required showings for injunctive relief, the superior court did not abuse its discretion by denying Mall's motion. The superior court's order is affirmed.

**¶17** Appellees seek attorneys' fees and costs under A.R.S. § 33-807(E). This Court awards reasonable attorneys' fees and costs to the trustee upon compliance with Arizona Rule of Civil Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:     TM