**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARKIN J. SIMMONS; SHEILA A. SIMMONS, husband and wife as community property with the right of survivorship, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITIBANK, NA, as Trustee for the Certificate Holders of Bear Stearns Alt-A Trust 2006-4, Mortgage Pass-Through Certificates, Series 2006-4; BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, NA, a National Banking Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; RECON TRUST COMPANY, N.A., a National Association, <br><br> Defendants - Appellees. | No. 13-15079 <br><br> DC No. 2:12 cv-1938 FJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 10, 2015
San Francisco California

Before:    THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Plaintiffs Larkin J. and Sheila A. Simmons (together "Simmons") appeal the district court's order granting the motion to dismiss their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Citibank, N.A., Mortgage Electronic Registration System, Inc. ("MERS"), ReconTrust Company, N.A., BAC Home Loans Servicing, L.P., and Bank of America N.A. (collectively, "Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Simmons contends that the note and deed of trust securing their home were never properly assigned to Citibank, and that ReconTrust was not validly substituted as the trustee. The documents attached to Simmons' complaint directly refute this contention. Accordingly, these arguments and the complaint fail to state a claim for relief. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167-68 (9th Cir. 2013) (rejecting a borrower's assertion that the deed of trust was "never properly assigned to Bank of New York" in light of the "express provision[] in the deed of trust for selling the note and for appointing a successor trustee," which is virtually identical to the one here).

**2.** Next, Simmons contends that neither Citibank nor ReconTrust has the power to foreclose "unless and until Citibank . . . shows a valid assignment in writing of both the Note and Deed of Trust by the original lender."  This assertion is a variant of the argument that a trustee may not "foreclose on a deed of trust without the beneficiary first having to show ownership of the note that the deed secures." *Hogan  v. Wash. Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012).  The Arizona Supreme Court, however, has expressly rejected this argument.  *See id.* at 783.  Thus, under this argument, the complaint fails to state a claim for relief.

**3.** Simmons further contends that, under Arizona law, no party has the power to initiate foreclosure because MERS "was never lawfully appointed as the 'beneficiary' under the Simmons' Deed of Trust."  This argument is foreclosed by *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011).  *See also Zadrozny*, 720 F.3d at 1169 (noting that, in *Cervantes*, this Court held that "under Arizona law, MERS may serve as a beneficiary in non-judicial foreclosures").  Accordingly, this argument cannot rescue the complaint from dismissal for failure to state a claim for relief.

**4.** Finally, Simmons contends that the decision below should be reversed because the district court impermissibly "jettison[ed]" and "ignore[d] the entire Arizona version of the Uniform Commercial Code ["UCC"] which sets for[th] the

3

only procedure for non-judicially foreclosing a deed of trust securing a promissory note in the state of Arizona." Simmons, simply, is wrong. In fact, the Arizona Supreme Court has expressly held exactly the opposite: that, because "[t]he UCC does not govern liens on real property," a trustee need not comply with the UCC before commencing a non-judicial foreclosure. *Hogan*, 277 P.3d at 783; *see also Zadrozny*, 720 F.3d at 1171 ("The Arizona Supreme Court has definitively rejected the . . . argument that a trustee must comply with UCC provisions to pursue foreclosure proceedings."). This contention is meritless.

**5.** Simmons has raised other arguments, but these were not asserted in the district court. Accordingly, these arguments are waived and need not be addressed. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 n.1 (9th Cir. 2002) ("In general, a party who fails to raise an issue in the district court, cannot raise it on appeal.").

• • ● • •

The judgment of the district court is **AFFIRMED.**