**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD ZADROZNY, husband; KYMBERLY ZADROZNY, *Plaintiffs-Appellants*, <br><br> v. <br><br> BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-59- Mortgage Pass-Through Certificates, Series 2005-59, FKA Bank of New York; BAC HOME LOANS SERVICING LP, a California Corporation; SOMA FINANCIAL INCORPORATED; FIRST AMERICAN TITLE INSURANCE COMPANY, a Texas Corporation; RECONTRUST COMPANY NA; NV MORTGAGE, <br><br> *Defendants-Appellees*. | No. 11-16597 <br><br> D.C. No. 2:10-cv-01200-ROS <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted
December 3, 2012—San Francisco, California

Filed June 28, 2013

Before: Stephen S. Trott, Johnnie B. Rawlinson, and
Richard D. Cudahy,[*] Circuit Judges.

Opinion by Judge Rawlinson

## SUMMARY[**]

### Diversity/Foreclosure

The panel affirmed the district court's dismissal of a complaint in which plaintiffs alleged that defendants improperly initiated non-judicial foreclosure proceedings after plaintiffs failed to comply with the mortgage obligations financing their residence.

The panel held that Arizona courts have rejected plaintiffs' claim that non-judicial foreclosures require production of the promissory note prior to a sale, and their claim that successor trustees are unauthorized to initiate foreclosure proceedings. Arizona precedent similarly foreclosed plaintiffs' contention that non-judicial foreclosure sales must comport with the Uniform Commercial Code. The panel further held that plaintiffs failed to provide any legal authority for their constitutional challenge to A.R.S.

---

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 33-811(b), and waived any challenge to the district court's dismissal of their fraud and misrepresentation claims as untimely.

## COUNSEL

Donald O. Loeb, Donald O. Loeb, P.L.C., Scottsdale, Arizona, for Plaintiffs-Appellants.

Emily S. Cates (argued) and Milton A. Wagner, Lewis and Roca, Phoenix, Arizona, for Defendants-Appellees.

## OPINION

RAWLINSON, Circuit Judge:

Appellants Edward and Kymberly Zadrozny (the Zadroznys) challenge the dismissal of their first amended complaint against Defendants/Appellees. The Zadroznys contend that the district court erred in dismissing their claims that Appellees improperly initiated non-judicial foreclosure proceedings after the Zadroznys failed to comply with the mortgage obligations financing their residence. The Zadroznys also challenge the district court's denial of leave to further amend their Complaint. We affirm.

## I. BACKGROUND

On August 17, 2005, the Zadroznys borrowed $543,600 from Defendant/Appellee Soma Financial, Inc. (Soma) pursuant to a promissory note secured by a deed of trust. The promissory note provided that "Lender may transfer this

Note. . . ."  The deed of trust stated that "[t]he Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the Loan Servicer) that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note . . ."   The deed of trust provided that Defendant/Appellee First American Title Insurance Company (First American) served as the trustee, and that Mortgage Electronic Registration Systems, Inc. (MERS) served as the nominee for the lender, Soma, and Soma's successors and assigns, as "the beneficiary under this Security Instrument." Additionally, the deed of trust provided:   "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . ."

The deed of trust allowed for appointment of a successor trustee, specifying that "[l]ender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."

On January 27, 2010, MERS transferred, assigned, and granted "all beneficial interest" in the Zadroznys' deed of trust to Defendant/Appellee Bank of New York Mellon (Bank of New York) pursuant to a Corporation Assignment of Deed

of Trust. Bank of New York subsequently appointed Defendant/Appellee Reconstrust Company NA (Recontrust) as successor trustee.

On January 29, 2010, the Zadroznys were notified that they were in breach of their mortgage payment obligation of $571,157.97, and that "the Beneficiary, in said Deed of Trust has elected to sell or cause to be sold the Trust property described in said Deed of Trust at a Trustee's Sale . . ." The Statement of Breach or Non Performance and Election To Sell Under Deed of Trust Arizona listed Recontrust as the successor trustee. Pursuant to a Notice of Trustee's Sale, Recontrust initiated non-judicial foreclosure proceedings against the Zadroznys.

On March 22, 2010, the Zadroznys filed a lawsuit in Arizona state court challenging the documents supporting the non-judicial foreclosure and the transfer of the property interests to the successor trustee. Appellees removed the lawsuit to federal court based on diversity jurisdiction. On July 8, 2010, without leave to amend, the Zadroznys filed a first amended complaint with a new claim that Soma lacked the requisite license. The district court struck the first amended complaint because it was unclear which claims the Zadroznys were pursuing. On January 26, 2011, the Zadroznys filed a first amended complaint alleging, *inter alia*, that (1) MERS lacked the authority to serve as a nominee; (2) Soma, Bank of New York, and Defendant/Appellee BAC Home Loans Servicing LP (BAC) engaged in fraudulent representation regarding their authority to foreclose; and (3) A.R.S. § 33-811(B) is unconstitutional because of the various assignments and because of participation by MERS without notice to borrowers.

Defendants/Appellees filed a motion to dismiss, which the district court granted.  The district court rejected the Zadroznys' claims that the lenders were required to produce the note prior to foreclosure and that the note was unenforceable because its was not properly securitized.  The district court dismissed the Zadroznys' negligent misrepresentation and fraudulent concealment claims as barred by the statute of limitations, holding that the Zadroznys never contested this issue.  The district court also dismissed the Zadroznys' complaint without leave to amend because the amended complaint lacked any viable claims.

The Zadroznys filed a timely notice of appeal.

## II.  STANDARDS OF REVIEW

"We review de novo the district court's decision to grant Defendants' motion to dismiss under Rule 12(b)(6)." *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012) (citation omitted).  "We accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." *Id.* (citation omitted).

"We also review whether the district court abused its discretion by dismissing the complaint without granting leave to amend." *Id.* (citation omitted).

## III.  DISCUSSION

### A.  Assignment and Transfer of the Note and Deed of Trust To Bank of New York

Relying on *In re Veal*, 450 B.R. 897 (9th Cir. B.A.P. 2011), the Zadroznys contend that the district court erred in

dismissing their claim that Bank of New York lacked standing to foreclose.  The Zadroznys maintain that the Complaint sufficiently alleged that the note and deed of trust were never properly assigned to Bank of New York. Unfortunately, the allegations in the Complaint cannot elide the express provisions in the deed of trust for selling the note and for appointing a successor trustee without prior notice to the borrowers.  Paragraph 20 of the deed of trust specifies:

> Sale of Note; Change of Loan Servicer; Notice of Grievance.  The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

Paragraph 24 similarly provides that "Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law."  The deed of trust terms explicitly foreclose the Zadroznys' claims premised on the sale or transfer of the note to a successor trustee.

*In re Veal* does not compel a contrary result.  In that case, the Ninth Circuit Bankruptcy Appellate Panel (BAP)

considered whether an entity had standing to seek relief from an automatic stay as "a person entitled to enforce the note as defined by the Uniform Commercial Code." *In re Veal*, 450 B.R. at 902 (internal quotation marks omitted). The BAP opined that "[w]hen a note is split from a deed of trust the note becomes, as a practical matter, unsecured. Additionally, if the deed of trust was assigned without the note, then the assignee, having no interest in the underlying debt or obligation, has a worthless piece of paper." *Id.* at 916 (citations and internal quotation marks omitted). The BAP observed that "Illinois law govern[ed] the issues related to the Mortgage's enforcement, and Illinois follow[ed] this rule." *Id.* (footnote reference omitted). "Illinois courts treat a mortgage as incident or accessory to the debt, and, an assignment of a mortgage without the note as a nullity. In order for the Illinois courts to enforce a mortgage assignment, the assignor must assign the underlying debt secured by the mortgage debt. It is axiomatic that any attempt to assign the mortgage without transfer of the debt will not pass the mortgagee's interest to the assignee." *Id.* (citations and alterations omitted). The parties also assumed that the Uniform Commercial Code (UCC) applied to the note. *See id.* at 908–09. Applying Illinois law and the UCC, the BAP held that, because the bank failed to demonstrate that it had actual possession of the Note, it "could not establish that it was a holder of the Note, or a person entitled to enforce the Note. . . ." *Id.* at 917 (footnote reference and internal quotation marks omitted).

*In re Veal* is distinguishable from the present appeal because Arizona law, not Illinois law, governs, and because Arizona law does not require possession of the note to effectuate a non-judicial foreclosure. In *Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 782 (Ariz.

2012) (en banc), *as amended*, the Arizona Supreme Court recently considered "whether a trustee may foreclose on a deed of trust without the beneficiary first having to show ownership of the note that the deed secures. . . ." The Arizona Supreme Court observed that "[w]hen parties execute a deed of trust and the debtor thereafter defaults, A.R.S. § 33–807 empowers the trustee to sell the real property securing the underlying note through a non-judicial sale. . . ." *Id.* at 782–83. The Arizona Supreme Court opined that there was no statutory requirement "that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note. . . ." *Id.* at 783. The Arizona Supreme Court concluded that "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or show the note before the trustee may commence a nonjudicial foreclosure." *Id.* at 782 (internal quotation marks omitted). We are bound by this interpretation of Arizona law by the state's highest court. *See Kekauoha-Alisa v. Ameriquest Mortgage Co. (In re Kekauoha-Alisa)*, 674 F.3d 1083, 1087 (9th Cir. 2012) ("When interpreting state law, we are bound by the decision of the highest state court. . . .") (citation omitted).

We agree with those courts that have distinguished *In re Veal* as limited to bankruptcy cases involving relief from an automatic stay governed by the UCC rather than by Arizona law. As the district court recognized in *Oraha v. Metrocities Mortgage, LLC*, No. CV 11–1113–PHX–JAT, 2012 WL 70834, at *5 n.2 (D. Ariz. Jan. 10, 2012):

> The *Veal* Court, in determining whether entities had standing to obtain relief from a bankruptcy stay to conduct a foreclosure,

>assumed that the [UCC] applied to the Note
>on the Veal property.  In this case, the
>Trustee's Sale is not governed by the UCC
>through the Note, but is a sale pursuant to the
>Deed of Trust. Trustee sales under a Deed of
>Trust are conducted on a contract theory
>under the power of sale authority of the
>trustee. The procedures for non-judicial
>foreclosures in Arizona are not codified in the
>UCC, therefore, but in A.R.S. §§ 33–807
>(2007).  These Deed of Trust statutes set forth
>the only procedure for a valid trustee's sale.

(citations and internal quotation marks omitted); *see also Garrison v. PHH Mortg. Corp.*, No. CV–11–918–PHX–GMS, 2011 WL 6328712, at *4 (D. Ariz. Dec. 19, 2011) (same); *Bridgeman v. CitiMortgage Inc.*, No. CV11–1106–PHX DGC, 2011 WL 3880829, at *2 (D. Ariz. Sept. 2, 2011) (same).

We have similarly held that, under Arizona law, MERS may serve as a beneficiary in non-judicial foreclosures.  In *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011), we observed that "[t]he legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation. . . ."  *Id.* at 1044 (citations omitted). However, in the present case, "MERS did not initiate foreclosure:  the trustees initiated foreclosure in the name of the lenders.  Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans. . . ."  *Id.*  "Further, the

notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders. . . ." *Id.* (citation omitted). Thus, the Zadroznys, like the plaintiffs in *Cervantes*, "have not raised a plausible claim for wrongful foreclosure," and dismissal of their claims premised on MERS' involvement was completely warranted. *Id.*

Relying on a consent order between the U.S. Treasury Department and Bank of America, the Zadroznys also broach the similar argument that neither Bank of New York nor any other related entity provided the Zadroznys with a report from an independent consultant confirming that Bank of New York had standing to foreclose and enforce the note.

A review of the Zadroznys' first amended complaint and their opposition to the motion to dismiss reflects that the Zadroznys' claims were not premised on the consent order. Because "[t]he plaintiffs neither pled this theory nor presented it to the district court in opposing dismissal," we may "decline to reach it for the first time on appeal." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 n.10 (9th Cir. 2012), *as amended* (citation omitted).

In any event, the referenced consent order does not mandate utilization of an independent consultant for all non-judicial foreclosures. The consent order was the product of an examination by the Comptroller of the Currency into Bank of America's real estate mortgage foreclosure practices and "identified certain deficiencies and unsafe or unsound practices in residential mortgage servicing and in the Bank's initiation and handling of foreclosure proceedings. . . ." The consent order required Bank of America to retain an

independent consultant "to conduct an independent review of certain residential foreclosure actions regarding individual borrowers with respect to the Bank's mortgage servicing portfolio. . . ." The purpose of the review was to ascertain whether "the foreclosing party or agent of the party had properly documented ownership of the promissory note and mortgage (or deed of trust) under relevant state law, or was otherwise a proper party to the action as a result of agency or similar status . . ." Notably, the consent order specified that "[n]othing in the Stipulation and Consent or this Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under the Stipulation and Consent or this Order." As a result, the Zadroznys' claims premised on the consent order fail as a matter of law, as they cannot establish any legal remedy under the consent order. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) ("Rule 12(b)(6) authorizes courts to dismiss a complaint for failure to state a claim upon which relief can be granted. . . .") (citation and internal quotation marks omitted).

Because the provisions of the deed of trust foreclose the pleading of a plausible "show me the note" claim by the Zadroznys, the district court appropriately dismissed this claim. *See Ibrahim v. Dept. of Homeland Sec.*, 669 F.3d 983, 992 (9th Cir. 2012) ("A complaint must state a claim for relief that is plausible on its face. . . .") (citation and internal quotation marks omitted).

## B. Bank of New York's Authority To Record The Notice of Substitution of Trustee

The Zadroznys next assert that the district court erred in dismissing their claim that because Bank of New York was never a beneficiary under the loan, it lacked authority to appoint Reconstrust as successor trustee. However, the deed of trust explicitly notified the Zadroznys that MERS acted "solely as a nominee for Lender and Lender's *successors and assigns*." MERS was designated as the nominee beneficiary under the deed of trust on behalf of the Lender. MERS subsequently assigned and transferred "all beneficial interests" in the deed of trust to Bank of New York. As previously noted, this transfer was consistent with paragraph 20 of the deed of trust, which explicitly provided that the note and its beneficial interests could be sold or transferred without notice to the borrowers. The Notice of Trustee's Sale identified Recontrust as the current trustee under the deed of trust and Bank of New York as the "Current Beneficiary" under the deed of trust. Considering these facts, the Zadroznys failed to allege a plausible claim that Bank of New York was prohibited from appointing a successor trustee with the right to initiate a non-judicial foreclosure. Contrary to the Zadroznys' assertion, Arizona law recognizes a successor trustee's authority to initiate and conduct a foreclosure sale after the borrowers' default, without any requirement that the beneficiary demonstrate possession of the note underlying the deed of trust. *See Hogan*, 277 P.3d at 782–84.

In sum, the district court properly dismissed the Zadroznys' claims premised on the unauthorized appointment of a successor trustee and/or the lack of proof of ownership

of the note.   These claims lacked legal and factual plausibility. *See id.*[1]

## C.  Bank of New York's Security Interest in the Note

Relying on a report from the Permanent Editorial Board for the UCC (PEB Report), the Zadroznys contend that, following securitization, Bank of New York lacked a security interest in the note as required by the UCC, because the trustee did not take possession of the note pursuant to the security agreement.

The Zadroznys' first amended complaint and opposition to Appellees' motion to dismiss do not reflect that the Zadroznys tendered this argument to the district court.  Thus, we are not compelled to address their argument premised on the PEB Report.  *See Sateriale*, 697 F.3d at 793 n.10.

Even so, the PEB Report does not create a viable cause of action.  Notably, the PEB Report states that "[t]his is a draft report that does not represent the final views of the PEB, the American Law Institute, or the Uniform Law Commission . . ."  The PEB Report also clarifies:

> Of course, the UCC does not resolve all issues in   this   field.     Most   particularly,   the

---

[1] The Zadroznys further posit that Bank of New York lacked standing to institute a non-judicial foreclosure because it failed to provide a lost note affidavit in lieu of the original note.  Not only was this argument not raised before the district court, there are no allegations that the note was lost.   As discussed, Arizona law has rejected "show me the note" arguments and Recontrust, as the successor trustee, and Bank of New York, as the beneficiary, were authorized to pursue non-judicial foreclosure. *See Hogan*, 277 P.3d at 782–83.

enforcement of real estate mortgages by foreclosure is primarily the province of a state's real property law (although determinations made pursuant to the UCC are typically relevant under that law).

*Id.* Given the PEB Report's recognition that state law is typically controlling on foreclosure issues, the Zadroznys are unable to allege a cause of action premised on the PEB Report, particularly given its preliminary nature.

Dismissal of the Zadroznys' claim premised on the PEB Report and the UCC was also warranted as a matter of law. The Arizona Supreme Court has definitively rejected the Zadroznys' argument that a trustee must comply with UCC provisions to pursue foreclosure proceedings. In *Hogan*, the Arizona Supreme Court explained that "[t]he UCC does not govern liens on real property. The trust deed statutes do not require compliance with the UCC before a trustee commences a nonjudicial foreclosure." *Hogan*, 277 P.3d at 783 (citations omitted).

*In re Vasquez*, 266 P.3d 1053, 1054 (Ariz. 2011) (en banc) addressed whether recording of a deed of trust is a prerequisite for a trustee's sale, and whether a trustee's sale is contingent upon the beneficiary's right to enforce the secured obligation. The Arizona Supreme Court held that "while the failure to record an assignment of a deed of trust might leave an assignee unprotected against claims by some purchasers or creditors, it does not affect a deed's validity as to the obligor. . . ." *Id.* at 1055. The Arizona Supreme Court also opined that "because the notice of sale must identify the current beneficiary of the deed of trust, the obligor will

receive additional notice before the scheduled sale of the identity of that beneficiary." *Id.* at 1056 (citation omitted).

Because Arizona law countenances the trustee sale as conducted, the Zadroznys failed to allege any plausible claims premised on the PEB Report or the UCC. *See id.*

### D.  The Constitutionality of A.R.S. § 33-811(b)

According to the Zadroznys, A.R.S. § 33-811(B) violates the Arizona Constitution's separation of powers and distribution of powers sections.[2]  The Zadroznys assert that A.R.S. § 33-811(B) violated the separation of powers requirement because it encroaches on the Arizona Supreme Court's rule-making authority, and that the Arizona legislature violated the distribution of powers doctrine by authorizing Recontrust to conduct non-judicial foreclosures.[3]

---

[2] A.R.S. § 33-811(B) provides in relevant part:  The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale.  A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

[3] It does not appear that the district court directly addressed the Zadroznys' constitutional challenge to A.R.S. § 33-811(B).  However, "[a]s illustrated by the well established rule that we may affirm the district court's judgment on any basis supported by the record, it is sometimes appropriate for an appellate court to pass on issues of law that the trial court did not consider. . . ."  *Bibeau v. Pacific Northwest Research Foundation Inc.*, 188 F.3d 1105, 1111 n.5 (9th Cir. 1999) (citation omitted); *see also Yavapai-Apache Nation v. Fabritz-Whitney*, 260 P.3d 299, 303 (Ariz. Ct. App. 2011) ("Because the interpretation of an Arizona statute involves legal rather than factual questions, we are not bound by

Under Arizona law, "[t]he burden of establishing that a statute is unconstitutional is on the person challenging the statute. . . ." *Lisa K. v. Arizona Dept. of Economic Sec.*, 281 P.3d 1041, 1045 (Ariz. Ct. App. 2012) (citation omitted). Arizona courts "will not declare an act of the legislature unconstitutional unless [they] are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions. . . ." *Yavapai-Apache Nation*, 260 P.3d at 303 (citation omitted). Notably, the Zadroznys did not provide any legal authority for their constitutional challenge to A.R.S. § 33-811(B). Such bare assertions of the statute's unconstitutionality are insufficient for a proper constitutional challenge and dismissal of their constitutional claims was warranted. *See In re Marriage of Downing*, 265 P.3d 1097, 1100 (Ariz. Ct. App. 2011) (clarifying that "unsupported assumptions . . . cannot serve as a basis . . . to conclude the statute is unconstitutional") (citation omitted).

### E. The Zadroznys' Misrepresentation and Fraud Claims

The Zadroznys challenge the dismissal of their misrepresentation and fraud claims premised on Bank of New York's failure to disclose that the Zadroznys' mortgage was transferrable in the form of a mortgage-backed security. However, these claims were dismissed as "barred by the statute of limitations and [because] Plaintiffs [did] not respond to this argument." The Zadroznys have "waived [their] argument [regarding the statute of limitations] both because [they] developed it for the first time in [their] reply brief, and because [they] did not present it to the district

_____

the trial court's conclusions of law, and conduct a de novo review of the applicable statutes and regulations.") (citation omitted).

court[.]" *Jachetta v. United States*, 653 F.3d 898, 912 (9th Cir. 2011) (citations omitted).

In any event, Arizona follows the discovery rule, and the statute of limitations begins to run when the plaintiff possesses knowledge sufficient to recognize the existence of the wrong that caused his injury. *See Ritchie v. Krasner*, 211 P.3d 1272, 1288 (Ariz. Ct. App. 2009); *see also* A.R.S. § 12-543(3) (setting forth a 3-year statute of limitations for fraud). Because it is clear from the face of the complaint that the Zadroznys' fraud and misrepresentation claims are barred by A.R.S. § 12-543(3), the district court correctly dismissed the claims.

## F. Denial of Leave To Amend

The Zadroznys assert that the district court erred in denying leave to amend the complaint to include allegations that Bank of New York was required to comply with the PEB Report.

Because the Zadroznys' claims, including those raised for the first time on appeal premised on the PEB Report, are factually and legally implausible, denial of leave to amend lay within the district court's discretion. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile. . . ."), *as amended* (citation omitted). This is particularly true as the Zadroznys had a prior opportunity to amend their complaint. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("The district court's discretion to deny leave to amend is particularly broad where

plaintiff has previously amended the complaint.") (citation and alteration omitted).

## IV.    CONCLUSION

Arizona courts have rejected the Zadroznys' claim that non-judicial foreclosures require production of the promissory note prior to a sale, and their claim that successor trustees are unauthorized to initiate foreclosure proceedings. Arizona precedent similarly forecloses the Zadroznys' contention that non-judicial foreclosure sales must comport with the UCC.  The Zadroznys, for the first time on appeal, erroneously rely upon a preliminary UCC report and a consent order between Bank of America and the Treasury Department to no avail.  The Zadroznys' constitutional challenge to A.R.S. § 33-811(b) is meritless, and they waived any challenge to the district court's dismissal of their fraud and misrepresentation claims as untimely.  As the Zadroznys failed to allege any plausible claim under Arizona law, the district court acted within its discretion when it dismissed their first amended complaint without leave to amend.

**AFFIRMED.**