**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. SPARLIN; SHARON J. SPARLIN, | No. 11-15901 |
| Plaintiffs - Appellants, | D.C. Nos. 4:10-cv-00503-FRZ<br>4:10-cv-00507-FRZ<br>4:10-cv-00508-FRZ |
| v. | |
| BAC HOME LOANS SERVICING LP, originally named as Bank of America Home Loans; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Michael B. and Sharon J. Sparlin appeal pro se from the district court's

judgment dismissing their three consolidated actions arising out of foreclosure

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Sparlins' actions because, despite detailed instructions from the court on how to cure the defects in their original complaints, the Sparlins failed to allege any specific facts in their amended complaint showing that they were entitled to relief on any of their seven federal and state law claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1171 (9th Cir. 2013) ("Arizona law recognizes a successor trustee's authority to initiate and conduct a foreclosure sale after the borrowers' default, without any requirement that the beneficiary demonstrate possession of the note underlying the deed of trust.").

The Sparlins' contentions regarding the denial of discovery, their requests for admissions, and lack of subject matter jurisdiction are unpersuasive.

We do not consider the Sparlins' arguments, raised for the first time in their reply brief, regarding defendants alleged failure to provide a credible witness. *See*

*Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**