**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHARMARX PHARMACEUTICAL, INC., a California corporation, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GE HEALTHCARE, INC., a Delaware corporation, <br><br> Defendant - Appellee. | No. 13-55354 <br><br> D.C. No. 2:12-cv-02594-MRP-VBK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, Senior District Judge, Presiding

Argued and Submitted February 11, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Appellant PharmaRx Pharmaceutical, Inc. appeals the district court's

dismissal of its class action complaint alleging violations of Sections 1 and 2 of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Sherman Act, 15 U.S.C. §§ 1-2. We review the district court's decision de novo, *see Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013), and we affirm.

Appellant's claim under Section 1 of the Sherman Act fails because it has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As in *Twombly*, Appellant's "bare" and "conclusory" allegation of an anticompetitive agreement is not entitled to the presumption of truth. *Id.* at 565 n.10. Appellant is unable to cure this defect by alleging that the anticompetitive agreement was a secret term of an otherwise public agreement. *See William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 665 (9th Cir. 2009) (per curiam). Even taking this as true, Appellant's complaint still "does not answer the basic questions" about the relevant anticompetitive agreement: "who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

The remaining facts are insufficient to plausibly raise an inference of an anticompetitive agreement. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Cardinal's history of dealings with different manufacturers of a different cardiac imaging agent provide some context for Appellant's allegations, but do not cross the line "between the factually neutral and the factually suggestive."

*Twombly*, 550 U.S. at 557 n.5.  Appellant's few specific examples of Appellee's refusal to deal with independent radiopharmacies all predate the alleged anticompetitive agreement or "just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy."  *Kendall*, 518 F.3d at 1049.  Such limited and ambiguous allegations are insufficient to "nudge[] [Appellant's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because Appellant's Section 2 claim is predicated on the same insufficient facts, this claim necessarily fails as well.  *See Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1491 (9th Cir. 1991).  Assuming Appellant has not waived the argument that it should be allowed leave to amend, *see Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1191 n.6 (9th Cir. 2014), we also affirm the district court's decision to dismiss the complaint without leave to amend, *see Kendall*, 518 F.3d at 1052 ("Appellants fail to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts.  Accordingly, amendment would be futile.").

**AFFIRMED.**

3