**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEBRA L. MARCH,<br><br>         Plaintiff-counter-claim-<br>defendant-Appellant,<br><br> v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. And<br>J.P. MORGAN CHASE BANK, N.A.,<br><br>         Defendants-Appellees,<br><br>U.S. BANK, N.A., Successor in Interest to<br>Bank of America, National Association as<br>Successor by Merger to La Salle Bank<br>National Association, as Trustee for<br>Certificate Holders of Bear Stearns Asset<br>Backed Securities I LLC, Asset-Backed<br>Certificates, Series 2005-HE8's,<br><br>         Defendant-counter-claim-3rd-<br>party-plaintiff-Appellee,<br><br> v.<br><br>U.S. DEPARTMENT OF TREASURY<br>(INTERNAL REVENUE SERVICE | Nos.  14-17136<br>           15-16171<br><br>D.C. No.<br>1:12-cv-00306-DKW-BMK<br><br><br>MEMORANDUM* |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

AGENCY) and STATE OF HAWAII,
DEPARTMENT OF TAXATION,

              Third-party-defendant-
Appellees.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted August 8, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Debra March appeals from the district court's order granting the defendants summary judgment and ordering foreclosure, and subsequent order confirming the foreclosure sale. We review a grant of summary judgment *de novo*, *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015), and a sale confirmation order for abuse of discretion, *Indus. Mortg. Co. v. Smith*, 17 P.3d 851, 859 (Haw. Ct. App. 2001). We have jurisdiction over this diversity suit pursuant to 28 U.S.C. § 1291, and affirm.

I

The district court had supplemental jurisdiction over U.S. Bank's

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

counterclaim for foreclosure and third-party complaint against the Hawaii Department of Taxation, a junior lienholder. Both claims arose "out of the same transaction or occurrence" and "relate[d] to the property that [was] the subject matter of the principal action." *Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988); *see* 28 U.S.C. § 1367(a) (permitting courts to exercise supplemental jurisdiction over claims that are "so related to claims in the action . . . that they form part of the same case or controversy"); *see also Molina v. OneWest Bank, FSH*, 903 F. Supp. 2d 1008, 1016 (D. Haw. 2012) (upholding supplemental jurisdiction where "the Complaint seeks to enjoin [lender] from foreclosing and conducting a foreclosure auction sale of the Property. The Counterclaim Complaint involves the same parties, the same Property, and the overlapping question as to [lender's] right to foreclose on the Property.").

## II

U.S. Bank had standing to bring the foreclosure counterclaim. U.S. Bank provided a chain of properly recorded assignments, and thus established that it legally held the note and mortgage and was entitled to foreclose. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167–69 (9th Cir. 2013) (concluding that party had standing to foreclose, and distinguishing *In re Veal*, 450 B.R. 897 (9th Cir. B.A.P. 2011), as case in which lender failed to provide reliable evidence that they held the

3

note).  March is not a third-party beneficiary to the assignment contract, and thus lacks standing to challenge the sufficiency of the consideration provided by U.S. Bank.  *Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc.*, 167 P.3d 225, 262–63 (Haw. 2007).

## III

The defendants were entitled to summary judgment on March's declaratory judgment action seeking to cancel the mortgage, remove MERS from the title, and declare the JP Morgan Chase was not entitled to mortgage payments.

Defendants established that the mortgage was not void.  Although, at the time March executed the note and mortgage, lenders had to be licensed in the state of Hawaii, *Beneficial Haw., Inc. v. Kida*, 30 P.3d 895, 917–18 (Haw. 2001), state law exempted foreign lenders from the licensing requirement, Haw. Rev. Stat. § 454-2 (2010).  Defendants established that the original lender was such a valid "foreign lender" approved by the U.S. Department of Housing and Urban Development.[1]  Haw. Rev. Stat. § 207-11 (2010).

---

[1] Defendants did not engage in discovery misconduct by providing proof of the lender's HUD status with their summary judgment motion.  Defendants provided the information as soon as they received a response from the government to their Freedom of Information Act request.  Thus, their delay was beyond their control and "substantially justified."  Fed. R. Civ. P. 37(c)(1).

March's arguments that MERS lacked valid title and an ability to assign the mortgage "cannot elide the express provisions in the [mortgage]," which described MERS's role as a nominee of the lender, and ability to assign the note and mortgage without prior notice to March. *Zadrozny*, 720 F.3d at 1167–68. Further, even if MERS lacked a real interest in the property, "the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011).

JP Morgan Chase established that it was entitled to receive loan payments as the servicer of March's loan on behalf of U.S. Bank. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (relying on authenticated affidavit to establish material fact at summary judgment).[2] March failed to provide any evidence to rebut the defendants' evidence that JP Morgan Chase serviced the loan, and therefore failed to create a genuine issue of material fact warranting the denial of summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A) (stating that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion" with reliable evidence).

---

[2] JP Morgan Chase's failure to provide this affidavit in an initial discovery disclosure was harmless. *See* Fed. R. Civ. P. 37(c)(1).

IV

The district court did not abuse its discretion by approving the Commissioner's report and confirming the sale of the foreclosed property. *See Indus. Mortg. Co.*, 17 P.3d at 854, 861 (affirming sale confirmation where there was no evidence another auction may have resulted in a higher sale price, even though the lender was the only party to bid on the foreclosed property). Because the district court confirmed the sale, U.S. Bank, as the highest bidder, was entitled to a writ of possession. *See, e.g.*, *IndyMac Bank v. Miguel*, 184 P.3d 821, 836–37 (Haw. Ct. App. 2008) (affirming order confirming foreclosure sale and granting writ of possession); *Indus. Mortg. Co.*, 17 P.3d at 861 (same).

V

March's argument regarding the Commissioner's collection and distribution of rental income is raised for the first time on appeal and we deem it waived. *Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

**AFFIRMED**.