**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LSCC LLC, an Arkansas limited liability corporation, individually and on behalf of itself and all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WILCO LIFE INSURANCE COMPANY, FKA Conseco Life Insurance Company,<br><br>Defendant-Appellee. | No.   19-56075<br><br>D.C. No.<br>2:19-cv-01854-PSG-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted August 13, 2020
Pasadena, California

Before:  WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,[**] Judge.

The district court dismissed this case on the basis that LSCC LLC ("LSCC")

failed to state a plausible breach of contract claim.  The court concluded that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

plain language of the settlement agreement and the original policies authorized Wilco Life Insurance Company ("Wilco") to deduct grace period premiums from policy proceeds. LSCC appealed, and we reverse.

"We review de novo the district court's decision to grant Defendant['s] motion to dismiss under Rule 12(b)(6)." *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (citation & quotation marks omitted). We also review the "interpretation of an insurance policy" and "the district court's interpretation of [California] law" de novo. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996) (citations omitted).

LSCC purchased four life insurance policies from Wilco to insure the life of Stephen W. Creekmore. Later, LSCC became a member of a class action lawsuit against Wilco that ultimately settled. Under the terms of the settlement, Wilco agreed to provide the class members (including LSCC) extended life insurance coverage beyond the date that the initial policy would have terminated after a 61-day grace period. Wilco agreed to provide this extra coverage, referred to as a "Death Benefit Extension Period," at no additional cost and without altering the underlying policies prior to the start of the extended coverage period.

At some point after the settlement, LSCC stopped paying the policy premiums, the policies entered their respective grace periods, and once the grace periods expired, the Death Benefit Extension Period started. Several years after the

policies entered the Death Benefit Extension Period Creekmore died. Wilco paid the proceeds owed under the policies—but deducted premium costs for the policies' 61-day grace periods. LSCC sued Wilco for breaching the settlement agreement by deducting grace period premium costs from the proceeds.

Under the original policies, there were only three instances where a policy holder could pay a premium for the grace period. First, *during* the grace period, the policy holder could affirmatively opt to restore normal coverage by paying all past due premium amounts, thereby removing the policy from the grace period, reactivating the policy, and avoiding the termination of coverage. Or, *after* the policy terminated at the expiration of the grace period, the policy holder could reinstate the policy by meeting four requirements: (1) providing satisfactory evidence of insurability; (2) paying a premium sufficient to cover all past due monthly deductions that were outstanding at the end of the grace period; (3) paying a minimum premium that would keep the policy in force for two months at the time of reinstatement; and (4) paying any remaining debt that existed at the end of the grace period. Lastly, if the policy holder died *during* the grace period, past due premiums would be automatically deducted from the policy proceeds, and the remainder of the funds would be remitted to the beneficiary.

Nothing in the original policies required payment for the grace period outside of these three circumstances, none of which happened here. Wilco essentially

acknowledges as much, stating that "at the time the policies were drafted, this contingency was an impossibility because the Death Benefit Extension Period did not exist." The grace period premium charge that Wilco imposed can therefore only be attributed to the Death Benefit Extension Period resulting from the settlement. But the settlement terms are clear that the extended coverage period is to be provided at no cost. As LSCC correctly points out, "[t]here is no provision anywhere in the Policy Contract, let alone in the governing Settlement Agreement, that provides for the payment of an 'accrued' grace period premium. … [T]he word 'accrued' appears nowhere …, nor do[es] … any equivalent or comparable terminology." Because neither the underlying policies nor the settlement agreement authorized these deductions, the district court erred in dismissing LSCC's complaint challenging Wilco's deduction of a grace period premium from the policies' proceeds.

**REVERSED** and **REMANDED**.