**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | No. 20-15187 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01593-RFB-EJY |
| v. | |
| SATICOY BAY LLC, SERIES 8952 COLLEGE GREEN, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| SAVANNAH PLACE HOMEOWNERS' ASSOCIATION; RMI MANAGEMENT LLC, DBA Red Rock Financial Services, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted February 5, 2021
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILER,** IKUTA, and NGUYEN, Circuit Judges.

Saticoy Bay LLC, Series 8952 College Green (Saticoy) timely appeals the grant of summary judgment in favor of Lakeview Loan Servicing, LLC (Lakeview). The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

The foreclosure sale did not extinguish the first deed of trust because Miles Bauer tendered the superpriority amount to Red Rock. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC* (*Diamond Spur*), 134 Nev. 604, 607 (2018). Saticoy argues that Miles Bauer's presale tender could not preserve the first deed of trust because the foreclosure deed contained recitals that the lender defaulted on the homeowner's association lien, and these recitals were conclusive pursuant to Nevada Revised Statutes § 116.31166, subject only to equitable considerations. This argument fails, because a "valid tender cure[d] [the] default *by operation of law*—that is, without regard to equitable considerations." *Saticoy Bay LLC Series 133 McLaren v. Green Tree Serv'g LLC*, 478 P.3d 376, 379 (Nev. 2020) (cleaned up). Saticoy's arguments that *Green Tree Servicing* was wrongly decided are meritless, because we are bound by the decisions of the state supreme court

---

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

regarding state law. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013). Miles Bauer was also not obligated to record its tender, *see Diamond Spur*, 134 Nev. at 610, and even if Saticoy were a bona fide purchaser, such status is irrelevant because "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion," *id.* at 612.

**AFFIRMED.**