NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLADYS JAHN; TIMOTHY BUSH,

       Plaintiffs-Appellants,

  v.

CALIBER HOME LOANS, INC., a foreign
corporation, individually and as a servicer of
LSF9 Master Participation Trust; et al.,

       Defendants-Appellees.

No.   19-17198

D.C. No. 2:18-cv-02244-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

      Gladys Jahn and Timothy Bush appeal pro se from the district court's

summary judgment in their action arising out of foreclosure proceedings on their

property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment because there is no wrongful foreclosure claim under Arizona law, and even if this claim were cognizable, plaintiffs failed to raise a genuine dispute of material fact as to whether defendants were required to present the original note before commencing foreclosure proceedings.  *See* Ariz. Rev. Stat. Ann. § 33-807 (setting forth requirements for commencing foreclosure proceedings); *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013) ("Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or show the note before the trustee may commence a nonjudicial foreclosure."); *In re Vasquez*, 266 P.3d 1053, 1055 (Ariz. 2011) (Arizona law "does not require that an assignment of a deed of trust be recorded before recording the notice of trustee's sale"); *see also Zubia v. Shapiro*, 408 P.3d 1248, 1253 (Ariz. 2018) ("Although we do not preclude the possibility that Arizona may recognize a cause of action for wrongful foreclosure in the future, we do not do so here.").

The district court did not abuse its discretion in admitting into evidence and considering defendants' exhibits offered in support of their motion for summary judgment.  *See Block v. City of Los Angeles*, 253 F.3d 410, 416-419 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies

19-17198

the requirements of Federal Rules of Civil Procedure 56."); *see also* Fed. R. Civ. P. 56(c)(4) (setting forth standard of review and requirements for a declaration used to support summary judgment motion); Fed. R. Evid. 803(6) (admissibility of business records); Fed. R. Evid. 803 (14) and (15) (admissibility of public records affecting interest in property).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**