**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH EMANUEL BAPTISTE, | No. 10-16492 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01420-HDM-RAM |
| v. | |
| G. DUNN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Howard D. McKibben, District Judge, Presiding

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Kenneth Emanuel Baptiste, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to dental needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. §§ 1915A and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, vacate in part, and remand.

The district court concluded that Baptiste had not stated a claim for deliberate indifference to dental needs and denied leave to amend except as to three defendants. However, a review of the complaint indicates that Baptiste stated a claim of deliberate indifference as to all defendants except Kimura-Yip regarding the denial of treatment for his periodontal disease because Baptiste alleged that defendants knew of and disregarded the possibility of adverse long-term effects to his health arising from the failure to check the progress of the disease. *See Helling v. McKinney*, 509 U.S. 25, 32-35 (1993) (Eighth Amendment deliberate indifference claim can be based on threat of future harm). We reverse the district court's judgment as to this claim and remand for further proceedings.

The district court properly concluded that Baptiste had failed to state a claim regarding the delay in replacing his dentures because he did not sufficiently allege harm associated with the delay. However, on remand, Baptiste should be permitted to amend his complaint to allege what harm, if any, was caused by the delay in replacing his dentures. *See, e.g.*, *Hunt v. Dental Dep't*, 865 F.2d 198, 199-200 (9th Cir. 1989) (allegation of three-month delay in replacing dentures,

resulting in broken teeth, bleeding gums, pain, and weight loss, stated a claim of deliberate medical indifference sufficient to survive summary judgment). We vacate the district court's judgment as to this claim and remand for further proceedings.

The district court properly dismissed Baptiste's claims as to defendant Kimura-Yip because Baptiste alleged no facts establishing that she was deliberately indifferent to his health or safety, and further amendment as to her would be futile. We affirm the district court's judgment as to these claims.

The district court did not abuse its discretion by denying Baptiste's motion for appointment of counsel because Baptiste failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

Baptiste shall bear his costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**