**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH E. BAPTISTE, | No. 14-17012 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01420-KJM |
| v. | |
| C. HOPSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Kenneth E. Baptiste, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious dental needs.   We have jurisdiction under 28 U.S.C.

§ 1291.   We review de novo.   *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

2014) (en banc) (summary judgment); *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Baptiste's action against defendants Felker, Leo, Callegari, Acquaviva, and Christie because Wolf failed to allege facts sufficient to state a plausible claim for relief. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (reliance on the medical opinion of staff dentists to deny a grievance does not constitute deliberate indifference); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).[1]

The district court properly dismissed Baptiste's action against defendant Dunn as time-barred. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (explaining that federal courts apply the statute of limitations for personal injury

[1] We note that a panel previously reversed the district court's dismissal of Baptiste's original complaint under 28 U.S.C. §§ 1915A and 1915(e)(2). *Baptiste v. Dunn*, 448 F. App'x 680 (9th Cir. 2011). However, on remand, Baptiste was given an opportunity to file an amended complaint, and we conclude that the district court properly dismissed this amended complaint.

actions in the forum state, and that allegations of continuing impact from past violations is not sufficient to toll the statute of limitations); *see also* Cal. Code Civ. Proc. § 335.1.

The district court properly dismissed Baptiste's claims for damages against all defendants in their official capacities because a state official sued in an official capacity is not a "person" for purposes of a § 1983 damages action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The district court properly granted summary judgment to defendants Hopson and Simpson because Baptiste failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to his serious dental needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference). The district court also properly granted summary judgment to defendants Leo and Felker because Baptiste's request for injunctive relief against these defendants is moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

14-17012

The district court did not abuse its discretion by granting in part defendants Simpson, Felker, Leo, and Hopson's motion to strike the evidence submitted by Baptiste in opposition to defendants' motion for summary judgment. *See Sea–Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in denying Baptiste's motion for appointment of counsel because Baptiste failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**AFFIRMED.**